## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ALFONSO COLORADO PEREZ, | ) | |
| | ) | Case No:8:26-cv-47 |
| Petitioner/Plaintiff. | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| Pamela Bondi, Secretary, Attorney General; | ) | |
| Kristi Noem, Secretary, U.S. Department of | ) | |
| Homeland Security; | ) | |
| Todd M. Lyons, Acting Director of Immigration | ) | **VERIFIED PETITION FOR** |
| And Customs Enforcement; | ) | **WRIT OF HABEAS CORPUS** |
| David Easterwood, Acting Director, | ) | |
| St. Paul Field Office Immigration and Customs | ) | |
| Enforcement; | ) | |
| Sheriff Robert Sorenson, Cass County Sheriff. | ) | |
| | ) | |
| Respondents/Defendants. | ) | |

## INTRODUCTION

1.    Respondents are detaining Petitioner, Mr. Alfonso Colorado Perez

      ("Colorado Perez") in violation of law.

2.    Respondents are detaining Petitioner, who has deferred action and a pending petition

      for U Nonimmigrant Status with United States Citizenship and Immigration Services

      ("USCIS"), and improperly denying him access to a bond hearing to which he is

      entitled under 8 U.S.C. § 1226(a).

1

3.    The continued detention of Colorado Perez, absent a bond hearing, serves no legitimate purpose.

4.    To remedy this unlawful detention, Colorado Perez seeks declaratory relief and a writ of habeas corpus in the form of immediate release from detention or an order to hold a bond hearing pursuant to 8 U.S.C. § 1226(a) within three days.

5.    Pending the adjudication of his Petition, Colorado Perez seeks an order restraining the Respondents from transferring him to a location where he cannot reasonably consult with counsel, such a location to be construed as any location outside of the geographic jurisdiction of the day-to- day operations of U.S. Customs and Immigration's ("ICE") Office of Enforcement and Removal Operations in the State of Nebraska.

6.    Pending the adjudication of this Petition, Petitioners also respectfully request that Respondents be ordered to provide seventy-two (72) hour notice of any movement of Colorado Perez.

7.    Colorado Perez requests the same opportunity to be heard in a meaningful manner, at a meaningful time, and thus requests 72-hour-notice prior to any removal or movement away from the Stat of Nebraska.

## JURISDICTION AND VENUE

8.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question), § 1361 (federal employee mandamus action), § 1651 (All Writs Act), and § 2241 (habeas corpus); Art. I, § 9, cl. 2 of the U.S. Constitution ("Suspension Clause"); 5 U.S.C. § 702 (Administrative Procedure Act); and 28 U.S.C. § 2201 (Declaratory Judgment Act). This action further arises under the Constitution of the United States and the Immigration and Nationality Act ("INA"), specifically, 8 U.S.C. § 1254a.

9.    Colorado Perez seeks to challenge his custody as a violation of the Constitution and laws of the United States, thus, jurisdiction is proper in this court.

10.    Federal district courts have jurisdiction under 28 U.S.C. § 2241 to hear habeas petitions by noncitizens challenging the lawfulness or constitutionality of their detention by DHS. *Demore v. Kim*, 538 U.S. 510, 516–17 (2003); *Jennings v. Rodriguez*, 138 S. Ct. 830, 839–41 (2018); *Nielsen v. Preap*, 139 S. Ct. 954, 961–63 (2019); *Sopo v. U.S. Attorney Gen.*, 825 F.3d 1199, 1209-12 (11th Cir. 2016).

11.    Federal district courts have jurisdiction to enforce 8 U.S.C. § 1226(a)(2). This statute, 8 U.S.C. § 1226(a)(2), entitles Petitioner to a bond hearing in which an immigration judge may determine his eligibility for release from custody.

12.    Venue is proper in this Court pursuant to 28 USC §§ 1391(b), (e)(1)(B), and 2241(d) because Colorado Perez is detained within this District. He is currently detained at the Cass County Jail in Plattsmouth, Nebraska. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(e)(1)(A) because Respondents are operating in this district.

3

## PARTIES

13.    Petitioner Colorado Perez is a citizen of Mexico and a resident of

Minneapolis, Minnesota. He is not an arriving alien. He is not seeking admission.

14.    Petitioner Colorado Perez is currently under custody Immigration and Customs

Enforcement ("ICE") at the Cass County Corrections Jail Detention Center in

Plattsmouth, Nebraska.

15.    Respondent Pamela Bondi is being sued in her official capacity as the Attorney

General of the United States and the head of the Department of Justice, which

encompasses the BIA and the immigration judges through the Executive Office for

Immigration Review. Attorney General Bondi shares responsibility for

implementation and enforcement of the immigration detention statutes, along with

Respondent Noem. Attorney General Bondi is a legal custodian of Colorado Perez.

16.    Respondent Kristi Noem is being sued in her official capacity as the Secretary of the

Department of Homeland Security. In this capacity, Secretary Noem is responsible

for the administration of the immigration laws pursuant to § 103(a) of the

Immigration and Nationality Act ("INA"), 8 U.S.C. § 1103(a), routinely transacts

business in the District of Nebraska, supervises the St. Paul ICE Field Office, and is

legally responsible for pursuing Colorado Perez's detention and removal. As such,

Respondent Noem is a legal custodian of Colorado Perez.

4

17.    Respondent Department of Homeland Security (DHS) is the federal agency

      responsible for implementing and enforcing the INA, including the detention and

      removal of noncitizens.

18.    Respondent Todd M. Lyons is the Acting Director of U.S. Immigration and

      Customs Enforcement and is sued in his official capacity. Defendant Lyons is

      responsible for Petitioner's detention.

19.    Respondent Immigration and Customs Enforcement (ICE) is the subagency within the

      Department of Homeland Security responsible for implementing and enforcing the

      Immigration & Nationality Act, including the detention of noncitizens.

20.    Respondent David Easterwood is being sued in his official capacity as the Acting Field

      Office Director for the St. Paul Office for ICE within DHS. In that capacity, Field Director

      Easterwood has supervisory authority over the ICE agents responsible for detaining

      Colorado Perez in Nebraska. The address for the Saint Paul Field Office is 1 Federal

      Drive, Suite 1601, Fort Snelling, Minnesota 55111.

21.    Respondent Sheriff Robert Sorenson is being sued in his official capacity as the Sheriff

      responsible for the Cass County Jail. Because Petitioner is detained in the Freeborn

      County Jail, Respondent has immediate day-to-day control over Petitioner.

## **EXHAUSTION**

22.    ICE asserts authority to detain Colorado Perez pursuant to the mandatory

detention provisions of 8 U.S.C. § 1225(b)(2)(a). No statutory requirement of exhaustion applies to Colorado Perez's challenge to the lawfulness of his detention. *See,* e.g*., Araujo-Cortes v. Shanahan*, 35 F. Supp. 3d 533, 538 (S.D.N.Y. 2014) ("There is no statutory requirement that a habeas petitioner exhaust his administrative remedies before challenging his immigration detention."); *Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 1193850, at *11 (W.D. Wash. Apr. 24, 2025) (citing *Marroquin Ambriz v. Barr*, 420 F. Supp. 3d 953, 962 (N.D. Cal. 2019) ("this Court 'follows the vast majority of other cases which have waived exhaustion based on irreparable injury when an individual has been detained for months without a bond hearing, and where several additional months may pass before the BIA renders a decision on a pending appeal.'"); *Gomes v. Hyde*, No. 1:25-CV-11571-JEK, 2025 WL 1869299, at *5 (D. Mass. July 7, 2025) ((citing *Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74, 77 (1st Cir. 1997) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992)).

23.  Prudential exhaustion is not required when to do so would be futile or "the administrative body . . . has . . . predetermined the issue before it." *McCarthy v. Madigan*, 503 U.S. 140, 148 (1992), superseded by statute on  other grounds as stated in *Woodford v. Ngo*, 548 U.S. 81 (2006).

24.  Any appeal to the Board of Immigration Appeals is futile. The Board's published decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), binds the immigration court and erroneously denies him access to a bond hearing.

25.     Prudential exhaustion is also not required in cases where "a particular plaintiff may

        suffer irreparable harm if unable to secure immediate judicial consideration of his

        claim." *McCarthy*, 503 U.S. at 147. Every day that Colorado Perez is unlawfully

        detained causes him and his family irreparable harm. *Jarpa v. Mumford*, 211 F. Supp.

        3d 706, 711 (D. Md. 2016) ("Here, continued loss of liberty without any individualized

        bail determination constitutes the kind of irreparable harm which forgives

        exhaustion."); *Hamama v. Adducci*, 349 F. Supp. 3d 665, 701 (E.D. Mich. 2018)

        (holding that "detention has inflicted grave" and "irreparable harm" and describing the

        impact of prolonged detention on individuals and their families).

26.     Prudential exhaustion is additionally not required in cases where the agency "lacks the

        institutional competence to resolve the particular type of issue presented, such as the

        constitutionality of a statute." *McCarthy*, 503 U.S. at 147–48.

27.     Immigration agencies have no jurisdiction over constitutional challenges of the kind

        Colorado Perez raises here. *See, e.g., Matter of C-*, 20 I. & N. Dec. 529, 532 (BIA

        1992) ("[I]t is settled that the immigration judge and this Board Lack jurisdiction to

        rule upon the constitutionality of the Act and the regulations.") *Matter of Akram*, 25 I.

        & N. Dec. 874, 880 (BIA 2012); *Matter of Fuentes-Campos*, 21 I. & N. Dec. 905, 912

        (BIA 1997)

28.     Because requiring Colorado Perez to exhaust administrative remedies would be futile,

        would cause him irreparable harm, and the immigration agencies lack jurisdiction

        over the constitutional claims, this Court should find the Petitioner has met.

### FACTUAL ALLEGATIONS & PROCEDURAL HISTORY

29.     Petitioner Colorado Perez is a native and citizen of Mexico.

30.     Petitioner Colorado Perez entered the United States without inspection in 1999.

31.     Petitioner Colorado Perez had no contact with immigration authorities when he initially

        entered the United States.

32.     On March 13, 2023, Petitioner Colorado Perez filed a Form I-918, Petition for U

        Nonimmigrant Status, due to being a spouse to a victim of a crime.

33.     On July 1, 2025, he was granted a Bona Fide Determination Notice and granted deferred

        action while his U-visa application is pending

34.     Colorado Perez Has now been in the United States for over twenty-five years.

35.     On September 5, 2025, Respondents, though the Board of Immigration Appeals, issued a

        precedential decision, binding on lower immigration courts, finding that "Immigration

        Judges lack authority to hear bond requests or to grant bond to aliens who are present in

        the United States without admission." *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA

        2025).

36.    Respondents have detained Petitioner since January 3, 2025 after ICE officers in

Minnesota saw Petitioner on his way to work while in his Ford F-150 and later

determined he was in the United States unlawfully.

**LEGAL FRAMEWORK**

37.    Removal proceedings are governed under 8 U.S.C. § 1229a, which provides

that "[a]n immigration judge shall conduct proceedings for deciding the inadmissibility

or deportability of an alien," 8 U.S.C. § 1229a(a)(1) and that "[u]nless otherwise

specified in this chapter, a proceeding under this section shall be the sole and exclusive

procedure for determining whether an alien may be admitted to the United States." 8

U.S.C. § 1229a(a)(3).

38.    To initiate removal proceedings, "written notice (in this section referred to as a 'notice

to appear') shall be given in person to the alien (or, if personal service is not

practicable, through service by mail to the alien or to the alien's counsel of record, if

any)." 8 U.S.C. § 1229(a)(1).

39.    The "[a]pprehension and detention of aliens" is governed under 8 U.S.C. § 1226, which

provides that:

> On a warrant issued by the Attorney General, an alien may be arrested
> and detained pending a decision on whether the alien is to be removed
> from the United States. Except as provided in subsection (c) and pending
> such decision, **the Attorney
> General ... may release the alien on bond of at least $1,500
> with security approved by, and containing conditions
> prescribed by, the Attorney General.**

8 U.S.C. § 1226(a)(2)(A) (emphasis added).

40.     The regulations provide that, to detain a person under 8 U.S.C. § 1226(a), the

Department must issue an I-200 to take a person into custody; and that such a person is

subject to release on bond. The regulation states:

 (b) Warrant of arrest—

> (1) In general. **At the time of issuance of the notice to appear, or at any
> time thereafter** and up to the time removal proceedings are completed, the
> respondent may be arrested and taken into custody under the authority of
> Form I–200, Warrant of Arrest. A warrant of arrest may be issued only by
> those immigration officers listed in § 287.5(e)(2) of this chapter and may
> be served only by those immigration officers listed in § 287.5(e)(3) of this
> chapter.

> (2) If, after the issuance of a warrant of arrest, a determination is made not
> to serve it, any officer authorized to issue such warrant may authorize its
> cancellation.

 (c) Custody issues and release procedures—

> (1) In general.

>> (i) After the expiration of the Transition Period Custody
>> Rules (TPCR) set forth in section 303(b)(3) of Div. C of
>> Pub.L. 104–208, no alien described in section 236(c)(1) **of
>> the Act may be released from custody during removal
>> proceedings except pursuant to section 236(c)(2) of the
>> Act.**

 8   C.F.R. § 236.1(b)(emphasis added).

41.    8 U.S.C. 1226(a) is the default detention authority, and it applies to anyone who is detained "pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a).

42.    8 U.S.C. 1226(a) applies to those who are "already in the country" and are detained "pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018).

43.    8 U.S.C. § 1226(a) applies not just to persons who are deportable, but also to noncitizens who are inadmissible. Specifically, while § 1226(a) provides the general right to seek release, § 1226(c) carves out discrete categories of noncitizens from being released— including certain categories of inadmissible noncitizens—and subjects those limited classes of inadmissible aliens instead to mandatory detention. *See*, *e.g.,* 8 U.S.C. § 1226(c)(1)(A), (C).

44.    The Laken Riley Act (LRA) added language to § 1226 that directly references people who have entered without inspection or who are present without authorization. *See* LAKEN RILEY ACT, PL 119-1, January 29, 2025, 139 Stat 3. Pursuant to these amendments, people charged as inadmissible under § 1182(a)(6)(A) (the inadmissibility ground for entry without inspection) or (a)(7)(A) (the inadmissibility ground for lacking valid documentation to enter the United States) and who have been arrested, charged with, or convicted of certain crimes are subject to § 1226(c)'s mandatory detention provisions. *See* 8 U.S.C. § 1226(c)(1)(E).

45.    By including such individuals under § 1226(c), Congress reaffirmed that § 1226 covers

persons charged under § 1182(a)(6)(A) or (a)(7). Generally speaking, grounds of

deportability (found in 8 U.S.C. § 1227) apply to people like lawful permanents residents,

who have been lawfully admitted and continue to have lawful status, while grounds of

inadmissibility (found in § 1182) apply to those who have not yet been admitted to the

United States. *See, e.g., Barton v. Barr*, 590 U.S. 222, 234 (2020) ("specific exceptions'

to a statute's applicability, it 'proves' that absent those exceptions, the statute generally

applies.") (quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S.

393, 400 (2010)).

46.    The [i]nspection by immigration officers. expedited removal of inadmissible arriving

aliens, [and] referral for hearing" is governed under 8 U.S.C. § 1225, which provides that

"[a]n alien present in the United States who has not been admitted or who arrives in the

United States (whether or not at a designated port of arrival and including an alien who is

brought to the United States after having been interdicted in international or United States

waters) shall be deemed for purposes of this chapter an applicant for admission." 8

U.S.C. § 1225(a)(1).

47.    "All aliens (including alien crewmen) who are applicants for admission or otherwise

seeking admission or readmission to or transit through the United States shall be

inspected by immigration officers." 8 U.S.C. § 1225(a)(3).

12

48.    "If an immigration officer determines that an alien ... who **is arriving in the United States** ... is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title, the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum." 8 U.S.C. § 1225(b)(1)(A)(i) (emphasis added).

49.    "If the officer determines at the time of the interview that an alien has a credible fear of persecution ... the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii).

50.    "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien **seeking admission** is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added).

51.    8 U.S.C. § 1225(b)'s mandatory detention scheme applies "at the Nation's borders and ports of entry, where the Government must determine whether an alien seeking to enter the country is admissible." *Jennings v. Rodriguez,* 583 U.S. 281, 287 (2018).

52.    "Read most naturally, §§ 1225(b)(1) and (b)(2) mandate detention of applicants for admission until certain proceedings have concluded. Until that point, nothing in the statutory text imposes a limit on the length of detention, and neither provision says anything about bond hearings." *Jennings v. Rodriguez*, 583 U.S. 281, 282 (2018).

53. By regulation, "[a]*rriving alien* means an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport. An arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act, and even after any such parole is terminated or revoked." 8 C.F.R. § 1.2.

54. "[A]n immigration judge may not redetermine conditions of custody imposed by the Service with respect to ... [a]rriving aliens in removal proceedings, including aliens paroled after arrival pursuant to section 212(d)(5) of the Act." 8 C.F.R. § 1003.19(h)(2)(i)(B).

55. As such, arriving aliens are not entitled to bond, nor, arguably, are aliens falling within the confines of 8 U.S.C. § 1225(b).

56. Congress did not intend to subject all people present in the United States after an unlawful entry to mandatory detention if arrested. Prior to Illegal Immigration Reform and Immigration Responsibility Act ("IIRIRA"), which codified both 8 U.S.C. § 1225 and 8 U.S.C. § 1226, aliens present without admission were not necessarily subject to mandatory detention. *See* 8 U.S.C. § 1252(a)(1) (1994) (authorizing Attorney General to arrest noncitizens for deportability proceedings, which applied to all persons within the United States).

14

57.     In articulating the impact of IIRIRA, Congress noted that the new § 1226(a) merely

"restates the current provisions in section 242(a)(1) regarding the authority of the

Attorney General to arrest, detain, and release on bond a[] [noncitizen] who is not

lawfully in the United States." H.R. Rep. No. 104469, pt. 1, at 229 (emphasis added).

*See* also H.R. Rep. No. 104-828, at 210 (same).

58.     Respondents' longstanding practice of considering people like Petitioner as detained

under § 1226(a) further supports reading the statute to apply to them. Typically, DHS

issues a person Form I-286, Notice of Custody Determination, or Form I-200, Warrant

for Arrest of Alien, stating that the person is detained under § 1226(a) (§ 236 of the

INA).

59.     As these arrest documents demonstrate, DHS has long acknowledged that § 1226(a)

applies to individuals who entered the United States unlawfully, but who were later

apprehended within the country's borders long after their entry. Such a longstanding and

consistent interpretation "is powerful evidence that interpreting the Act in [this] way is

natural and reasonable." *Abramski v. United States*, 573 U.S. 169, 203 (2014) (Scalia, J.,

dissenting); *See also Bankamerica Corp. v. United States*, 462 U.S. 122, 130 (1983)

(relying in part on "over 60 years" of government's interpretation and practice to reject its

new proposed interpretation of the law at issue).

60. EOIR regulations have long recognized that Petitioner are subject to detention under § 1226(a). Nothing in 8 C.F.R. § 1003.19—the regulatory basis for the immigration court's jurisdiction—provides otherwise.

61. EOIR confirmed that § 1226(a) applies to Petitioner when it promulgated the regulations governing immigration courts and implementing § 1226 decades ago. At that time, EOIR explained that "[d]espite being applicants for admission, [noncitizens] who are present without having been admitted or paroled (formerly referred to as [noncitizens] who entered without inspection) will be eligible for bond and bond redetermination." Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 FR 10312, 10323, 62 FR 10312-01, 10323.

## REMEDY

62. Respondents' detention of Colorado Perez under 8 U.S.C. § 1225(b)(2) violates the Due Process Clause of the United States Constitution. Colorado Perez's ongoing detention violates the Fifth Amendment's guarantee that "[n]o person shall be . . . deprived of life, liberty, or property without due process of law." U.S. Const., Amend. 5.

16

63.  Due Process requires that detention "bear [] a reasonable relation to the purpose for which

     the individual [was] committed." *Zadvydas, v. Davis*, 533 U.S. 678, 690 (2001) (citing

     *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)).

64.  Colorado Perez seeks immediate release to the extent that Respondents justify his

     detention on 8 U.S.C. § 1225(b)(2), which plainly does not apply to him.

65.  Although neither the Constitution nor the federal habeas statutes delineate the necessary

     content of habeas relief, *I.N.S. v. St. Cyr*, 533 U.S. 289, 337 (2001) (Scalia, J., dissenting)

     ("A straightforward reading of [the Suspension Clause] discloses that it does not guarantee

     any content to . . . the writ of habeas corpus"), implicit in habeas jurisdiction is the power

     to order release. *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) ("[T]he habeas court

     must have the power to order the conditional release of an individual unlawfully

     detained.").

66.  The Supreme Court has noted that the typical remedy for unlawful detention is release

     from detention. *See, e.g., Munaf v. Geren*, 553 U.S. 674 (2008) ("The typical remedy for

     [unlawful executive detention] is, of course, release."); *See also Wajda v. US*, 64 F.3d

     385, 389 (8th Cir. 1995) (stating the function of habeas relief under 28 U.S.C. § 2241 "is

     to obtain release from the duration or fact of present custody.").

67.  That courts with habeas jurisdiction have the power to order outright release is justified

     by the fact that, "habeas corpus is, at its core, an equitable remedy," *Schlup v. Delo*,

     513 U.S. 298, 319 (1995), and that as an equitable remedy, federal courts "[have] broad

discretion in conditioning a judgment granting habeas relief [and are] authorized . . . to

dispose of habeas corpus matters 'as law and justice require.'" *Hilton v. Braunskill*,

481 U.S. 770, 775 (1987), quoting 28 U.S.C. § 2243. An order of release falls under

court's broad discretion to fashion relief. *See, e.g., Jimenez v. Cronen*, 317 F. Supp. 3d

626, 636 (D. Mass. 2018) ("Habeas corpus is an equitable remedy. The court has the

discretion to fashion relief that is fair in the circumstances, including to order an alien's

release.").

68.    Alternatively, Colorado Perez requests a constitutionally adequate custody

redetermination hearing in which he is not erroneously treated as detained pursuant to 8

U.S.C. § 1225(b)(2) and is instead treated as a detainee under 8 U.S.C. § 1226(a) within

seven calendar days.

**CAUSE OF ACTION**
**COUNT ONE: DECLARATORY RELIEF**

69.    Colorado Perez re-alleges and incorporates by reference each allegation contained in

the preceding paragraphs as if set forth fully herein.

70.    Colorado Perez requests a declaratory judgment pursuant to 28 U.S.C. § 2201 that

Colorado Perez is not subject to detention under to 8 U.S.C. § 1225(b)(2).

71.    Colorado Perez requests a declaratory judgment pursuant to 28 U.S.C. § 2201 that

Colorado Perez is detained pursuant to 8 U.S.C. § 1226(a)(1).

72.    Colorado Perez requests a declaratory judgment pursuant to 28 U.S.C. § 2201 that

Colorado Perez is eligible for release from Respondents' custody pursuant to a bond as

set forth at 8 U.S.C. § 1226(a)(1).

## COUNT TWO: VIOLATION OF THE IMMIGRATION & NATIONALITY ACT – 8 U.S.C. § 1226(a) & 8 U.S.C. § 1225(b)(2)

73.    Colorado Perez re-alleges and incorporates by reference each allegation contained in

the preceding paragraphs as if set forth fully herein.

74.    Section 1226 of Title 8 of the U.S. Code governs the detention of aliens pending a

determination of removal from the United States.

75.    Such an alien "may [be] release[d] ... on bond of at least $1,500." 8 U.S.C. §

1226(a)(2)(A).

76.    The denial of Colorado Perez's bond eligibility is in violation of 8 U.S.C. §

1226(a)(2)(A), which specifically makes him eligible for bond.

77.    8 U.S.C. § 1225(b)(2)(A) cannot apply as it only applies to those "seeking admission" at

the time of detention and Petitioner was not "seeking admission at the time he was

detained. 8 U.S.C. § 1225(b)(2)(A).

78.    If Respondents do not release Colorado Perez without any conditions, he must be

afforded the opportunity to pay a bond amount that the immigration court sets as an

alternative finding.

## COUNT THREE: VIOLATION OF THE FIFTH AMENDMENT

79.    Colorado Perez re-alleges and incorporates by reference each allegation contained in the preceding paragraphs as if set forth fully herein.

80.    The Fifth Amendment Due Process Clause protects against arbitrary detention and requires that detention be reasonably related to its purpose and accompanied by adequate procedures to ensure that detention is serving its legitimate goals.

81.    Colorado Perez is not subject to mandatory custody under the Immigration & Nationality Act and is therefore entitled to a bond hearing in which a neutral arbiter may determine the justification for his continued detention under 8 U.S.C. § 1226(a)(2)(A), the denial of which constitutes a violation of the Fifth Amendment's guarantee of due process.

## COUNT FOUR: VIOLATION OF 8 C.F.R. §§ 236.1, 1236.1 AND 1003.19 - UNLAWFUL DENIAL OF RELEASE ON BOND

82.    Colorado Perez re-alleges and incorporates by reference each allegation contained in the preceding paragraphs as if set forth fully herein

83.    In 1997, after Congress amended the INA through IIRIRA, EOIR and the then-Immigration and Naturalization Service issued an interim rule to interpret and apply IIRIRA. Specifically, under the heading of "Apprehension, Custody, and Detention of [Noncitizens]," the agencies explained that "[d]espite being applicants for admission, [noncitizens] who are present without having been admitted or paroled (formerly referred to as [noncitizens] who entered without inspection) will be eligible for bond and bond redetermination." 62 Fed. Reg. at10323 (emphasis added).

84. The agencies thus made clear that individuals who had entered without inspection were eligible for consideration for bond and bond hearings before immigration courts under 8 U.S.C. § 1226 and its implementing regulations.

85. Nonetheless, DHS and the Omaha Immigration Court have adopted a policy and practice of applying § 1225(b)(2) to Petitioner and others in the same position.

86. The application of § 1225(b)(2) to Petitioner unlawfully mandates his continued detention and violates 8 C.F.R §§ 236.1, 1236.1, and 1003.19.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner Colorado Perez, asks this Court for the following relief:

1. Assume jurisdiction over this matter.

2. Issue an order restraining Respondents from attempting to move Colorado Perez from the State of Nebraska during the pendency of this Petition.

3. Issue an order requiring Respondents to provide 72-hour notice of any intended movement of Colorado Perez.

4. Expedite consideration of this action pursuant to 28 U.S.C. § 1657 because it is an action brought under 28 U.S.C. § 153.

5. Order Colorado Perez's immediate release, or, alternatively, order Respondents to hold a bond hearing pursuant to 8 U.S.C. § 1226(a) within three days.

6. Order that, if or when released from ICE custody, all belongings be returned to Colorado

   Perez.

7. Declare that Respondents' action is arbitrary and capricious.

8. Declare that Respondents failed to adhere to its regulations.

9. Declare that Petitioner's detention absent a bond hearing violates the Due Process

   Clause of the Fifth Amendment.

10. Grant all further relief this Court deems just and proper.

DATED:     February 4, 2026                         Respectfully Submitted,

                                                    Alfonso Colorado Perez,
                                                    Petitioner/Plaintiff.

                                      By:    /s/Larry N. Jarvis
                                             /s/ Julia Cryne
                                             Carlson Blakeman LLP
                                             2002 Douglas Street Suite 100
                                             Omaha, NE 68102
                                             (402) 999-9796
                                             Larry@carlsonblakeman.com
                                             Julia@carlsonblakeman.com
                                             Attorneys for Petitioner

**Verification by Someone Acting on
Petitioner's Behalf Pursuant to 28 U.S.C. § 2242**

I am submitting this verification on behalf of Petitioner because I am one of Petitioner's attorneys.

I and others working under my supervision have discussed with the Petitioner the events described

in this Petition. I hereby verify that the statements made in the attached Petition for Writ of Habeas

Corpus, including the statements regarding Petitioner's detention status, are true and correct to the

best of my knowledge.

/s/Larry N. Jarvis

/s/Julia Cryne                                              Dated: February 4, 2026

23